UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEANDRA LOVETT,<br><br>                Plaintiff,<br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. 3:22-cv-05675-DGE<br><br>ORDER TO SHOW CAUSE REGARDING ATTORNEY FEES MOTION (DKT. NO. 17.) |

Before the Court is Plaintiff's motion for attorney fees. (Dkt. No. 17.) The real party in interest is Plaintiff's counsel, David P. Oliver. (*See id.* at 1.) There are multiple irregularities with the motion that require explanation.

The motion seeks attorney fees in the amount of $4,999.50. (*Id.*) Under 42 U.S.C. § 406(b), the Court may allow a reasonable fee for an attorney who represented a Social Security claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25% of the total past-due benefits. *See Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). Plaintiff received $56,318 in past due benefits. (Dkt. No. 17-1 at 1.) Twenty five percent of that amount

ORDER TO SHOW CAUSE REGARDING ATTORNEY FEES MOTION (DKT. NO. 17.) - 1

1   is $14,079.50.  (*See id.*)  But here, counsel has deducted $9,080.00 as an "Administrative Fee"

2   and then arrived at the requested $4,999.50 attorney fee as the difference between twenty-five

3   percent of the recovery and this "Admin Fee."  (*See id;* Dkt. No. 17-2 at 1.)

4        The Court does not understand what an "Administrative Fee" refers to in this context.

5   Nor is it clear from the record whether this sum has already been collected from Plaintiff, or if

6   Attorney Oliver intends to do so following the Court's order on the motion.  This requires

7   explanation.  The Court is concerned that attorney fees, by another name, may have been or

8   would be collected without approval by the Court.

9        Additionally, Plaintiff's motion appears to be generated from a template, and it states,

10  "Previously, this Court awarded Plaintiff's attorney a fee of **N/A** pursuant to the Equal Access to

11  Justice Act (EAJA)."  (Dkt. No. 17 at 1) (emphasis in original.)  This notation is confusing.

12  Previously, on August 14, 2023, Plaintiff moved for attorney fees under the EAJA in the amount

13  of $571.71, but a Notice of Filing Deficiency was issued because the motion lacked supporting

14  documents. (*See* Dkt. Nos. 14, 15, 16.)  Plaintiff never corrected the deficiency, and the motion

15  was not granted.  It is unclear if or how this sum is accounted for in the present motion.

16        Accordingly, Attorney David P. Oliver is ORDERED to explain 1) what is the

17  "administrative fee" in the amount of $9,080 referenced in the motion and how that amount was

18  calculated, 2) how and when that sum has been or will be collected, and to 3) confirm that

19  Plaintiff is not claiming any past award under the EAJA and that no such sum is included in the

20  present motion.

21        Counsel shall respond to this Order no later than April 4, 2025.

22        Dated this 28th day of March, 2025.



David G. Estudillo
United States District Judge

ORDER TO SHOW CAUSE REGARDING ATTORNEY FEES MOTION (DKT. NO. 17.) - 3