UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEANDRA LOVETT, | CASE NO. 3:22-cv-05675-DGE |
| Plaintiff, | ORDER GRANTING MOTION FOR ATTORNEY FEES (DKT. NO. 17) AS MODIFIED (DKT. NO. 21.) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Presently before the Court is Plaintiff's Motion for an Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b). (Dkt. No. 17.) Attorney David P. Oliver is the real party in interest. (*See id.*) Defendant neither supports nor opposes the Motion. (*See* Dkt. No. 19.) The Court GRANTS the motion in part, as modified by Docket 21, for an award of $4,879.50.

Under 42 U.S.C. § 406(b), the Court may allow a reasonable fee for an attorney who represented a Social Security claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25% of the total past-due benefits. *See Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first

to such agreement and will conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved. *See id*. at 807, 808.  Although the fee agreement is the primary means for determining the fee, the Court may reduce the fee for substandard representation, delay by the attorney, or because a windfall would result from the requested fee.  *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Grisbrecht*, 535 U.S. at 808).

Here, Plaintiff signed a contingency fee agreement to pay his attorney a fee equal to 25% of the amount awarded for past-due benefits.  (*See* Dkt. No. 17-3 at 1.)  The representation was not substandard and the results achieved were excellent.  *Grisbrecht*, 535 U.S. at 808.  By stipulation, the Parties agreed that this matter should be remanded for further administrative proceedings pursuant to 42 U.S.C. §405(g), and that the Court enter final judgment in favor of Plaintiff and against Defendant.  (Dkt. No. 11.)  The Court granted that stipulation.  (Dkt. Nos. 12; 13.)  Plaintiff was awarded $56,318 in past due benefits.  (Dkt. No. 17-1 at 1.)  There is no evidence of an excessive delay by the attorney or that a windfall will result from the requested fee.

Plaintiff moved for attorney fees in the total amount of $4,999.50, which is less than 25% of Plaintiff's total past-due benefits.  (Dkt. Nos. 17 at 1; 17-1 at 1.)  Twenty-five percent of the past due benefit is equal to $14,079.50.  Previously, Plaintiff's attorney was not awarded any attorney fees under the Equal Access to Justice Act (EAJA), however, the attorney claimed $9,080 as an "administrative fee."  (Dkt. Nos. 17 at 1; 17-1 at 1.)  Therefore, $4,999.50 represented the difference between $14,079.50 and $9,080.  (Dkt. No. 17-1 at 1.)

This Court issued an Order to Show Cause asking for an explanation of what "administrative fee" meant.  (Dkt. No. 20.)  Attorney Oliver stated that this meant an "SSI

Fee"—a term that is no clearer nor more explanatory than "administrative fee." (*See* Dkt. No. 21 at 1.) Oliver also stated that he made an error in his motion and in fact, the fee amount withheld was $9,200; he thus moved to reduce his request for attorney fees by $120. (*Id.* at 2.) He further clarified that there was no previous EAJA award. (*Id.*) As it stands, Plaintiff's attorney now seeks $4,879.50.

The Court believes that the "administrative fee" that Plaintiff's attorney speaks of is a reference to fees for representation at the administrative hearing level, which are authorized by 42 U.S.C. § 406(a). That section authorizes a fee of 25%, or a flat cap set by the Agency, whichever is less. 42 U.S.C. § 406(a)(2)(A). Under current SSA regulations, the maximum attorney fee under 406(a) is $9,200, perfectly corresponding to the amount that Plaintiff's attorney states he received. *See* MAXIMUM DOLLAR LIMIT IN THE FEE AGREEMENT PROCESS, 89 FR 40523-02, 2024 WL 2083394 (May 10, 2024).[1]

While Plaintiff's motion is far from a model of clarity, the Court will grant the motion because the total attorney fee (including both the 406(a) and 406(b) amounts) is equal to the 25% retainer agreement. (*See* Dkt. No. 17-3 at 1.) Moreover, the Supreme Court has held that the statutory fee limits under 406(a) and 406(b) apply separately to each of those sections, not in the aggregate, so the fees sought here are well below the statutory maximum. *Culbertson v. Berryhill*, 586 U.S. 53 (2019). The amount sought in this motion, $4,879.50, is just 8.7% of the past due benefit award, and appropriately compensates the attorney for taking on the risk inherent in a contingency fee arrangement. [2]

---

[1] *See also* SOC. SEC. ADMIN., *The Fee Agreement Process,* https://www.ssa.gov/representation/fee_agreements.htm?tl=4%2C5%2C7 (last visited April 15, 2025).

[2] In a previous motion for fees that was not granted, filed in August 2023, Attorney Oliver stated he spent 2.4 hours on this matter at the federal court level. (*See* Dkt. No. 14 at 1.) He has not

1

## I     CONCLUSION

2

Therefore, it is ORDERED that Plaintiff is awarded $4,879.50 in attorney fees.

3

Dated this 15th day of April, 2025.

4

5

David G. Estudillo
United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

updated those figures since.  Dividing the attorney fees sought here ($4,879.50) by 2.4 hours works out to an hourly rate of $2,033.13, which is high, but the Court assesses the reasonableness of the fee request here in reference to the 25% agreement.

24

ORDER GRANTING MOTION FOR ATTORNEY FEES (DKT. NO. 17) AS MODIFIED (DKT. NO. 21.) - 4